IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UMAR GARVIN | CIVIL ACTION |
| v. | |
| KEVIN PALMER, et al. | NO. 10-1294 |

**GOLDBERG, J.**　　　　　　　　　　　　　　　　　　　　　　　December 30 , 2010

## MEMORANDUM OPINION

Plaintiff, Umar Garvin, proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983, against numerous individual police officers, Police Commissioner Charles Ramsey, the City of Philadelphia, and Philadelphia Court of Common Pleas Judge Susan I. Shulman. Plaintiff alleges that the Defendants violated his constitutional rights in connection with his arrest and conviction for drug and gun-related offenses in December 2007. Presently before the Court is "Defendant Judge Susan I. Shulman's Motion to Dismiss Plaintiff's Complaint and Amended Complaint" (Doc. No. 14). Because Judge Shulman is entitled to judicial immunity, her motion will be granted.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an inmate presently confined in the State Correctional Institution at Houtzdale, Pennsylvania. He filed his initial complaint on June 7, 2010, and filed an amended complaint on

June 17, 2010.[1] Plaintiff alleges that he was subject to an illegal search and seizure and was arrested without probable cause. He further contends that his conviction was sustained using evidence that was obtained illegally. See (Doc Nos. 8, 9); (Sup. Ct. of Pa., Appeal Docket Sheet, Doc. No. 1738 EDA 2008.)

Defendant Judge Susan I. Shulman ("Judge Shulman") was the trial judge in Plaintiff's case. Id. With respect to Judge Shulman, he contends that she improperly "denied his motion to suppress evidence and convicted [him] on all charges" after a bench trial. In support of this claim, he contends that the Superior Court of Pennsylvania overturned her evidentiary ruling, vacated his sentence, and remanded the case for further proceedings. See (Doc. Nos. 8, 9.)

On November 17, 2010, Judge Shulman filed a motion to dismiss these claims. Plaintiff has not filed a response in opposition to Defendant's motion under consideration.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. The court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild,

---

[1] We dismissed Plaintiff's initial complaint because it failed to adequately describe the state criminal proceedings underlying his claims. (Doc. No. 7.) We granted him leave to correct the infirmaries in his complaint and in response, he filed an amended complaint, which when read together with his initial complaint, answered our preliminary concerns. In an August 31, 2010 Order, we directed that Plaintiff's "Complaint" (Doc. No. 8) and his "Amended Complaint" (Doc. No. 9) be read together for the purposes of this case. (Doc. No. 11.)

O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. <u>DISCUSSION</u>

Judge Shulman seeks dismissal of the claims against her, asserting that she is entitled to judicial immunity and not subject to suit for actions performed in her official capacity. We agree.

The United States Supreme Court has long recognized that judges are generally immune from suit under § 1983 for money damages arising from their judicial acts. See <u>Mireles v. Waco</u>, 502 U.S. 9, 9 (1991). A judge will only be subject to liability for official acts "when [s]he has acted in the 'clear absence of all jurisdiction.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978). Immunity will not be forfeited because a judge has committed "grave procedural error" or has allegedly acted with "malice or corruption of motive." <u>Gallas v. Supreme Court of Pennsylvania</u>, 211 F.3d 760, 770 (3d Cir. 2000) (citations omitted). Further, "[d]isagreement with the action taken by the judge . . . does not justify depriving the judge [her] immunity." <u>Stump</u>, 435 U.S. at 363-64.

Plaintiff's claims against Judge Shulman suggest, at most, that she erred in her capacity as trial judge. His allegations that Judge Shulman mishandled an evidentiary issue and improperly convicted him are simply insufficient to demonstrate that she acted in the absence of jurisdiction or otherwise exceeded the scope of her authority. We, therefore, conclude that Judge Shulman is immune from suit and that the claims asserted against her must be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion is granted. Our Order follows.