IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UMAR GARVIN,<br><br>        Plaintiff,<br>v.<br><br>KEVIN PALMER, et al.<br><br>        Defendants. | Civil No. 10-01294 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

Plaintiff Umar Garvin filed this civil rights action under 42 U.S.C. § 1983 against various defendants, including police officers Kevin Palmer, Charles Ramsey, Robert Stock, and the City of Philadelphia (collectively "Defendants"). Plaintiff alleges that Defendants violated his constitutional rights in connection with his arrest and state court conviction for gun and drug-related offenses. Before the Court is Defendants' motion for judgment on the pleadings. (Doc. No. 87.) Plaintiff also seeks summary judgment (Doc. No. 97) and filed motions for ten and five hundred billion dollars (Doc. Nos. 95, 96). For the reasons below, Defendants' motion is **GRANTED**. Plaintiff's motions are **DENIED**.

I.    BACKGROUND

Plaintiff, a currently confined inmate, was arrested on December 2, 2007 on gun and drug related charges. (Doc. Nos. 8, 9.)[1] According to a docket sheet attached to Defendants' motion, Plaintiff had a preliminary hearing on December 12, 2007. (Doc. No. 87-1 at 3.) Plaintiff's

---

[1] As Judge Goldberg ordered, docket numbers eight and nine will be read together as one document comprising the Complaint in this case. (*See* Doc. No. 11.)

Complaint lists two formal arraignment dates, the first on January 2, 2008, which may have been continued, and the second on January 9, 2008. (Doc. Nos. 8, 9.)

Trial Judge Susan Schulman denied Plaintiff's motion to suppress evidence collected by arresting officers and found Plaintiff guilty of all charges at a bench trial. (*Id.*) Plaintiff was sentenced to serve three and a half to seven years in prison. (*Id.*) In September 2009, Plaintiff appealed to the Superior Court, which, as Plaintiff alleges, held that the evidence should have been suppressed because the officers lacked reasonable suspicion and probable cause. (*Id.*) Plaintiff states that the court vacated his sentence. (*Id.*) This suit followed.

Plaintiff filed his initial Complaint in this matter on June 7, 2010 and an Amended Complaint on June 17, 2010. (*Id.*) Plaintiff alleges that he was falsely arrested and imprisoned. (*Id.*) Defendants now seek judgment on the pleadings on Plaintiff's false arrest and false imprisonment claims. (*See* Defs.' Br. at 2; Doc. Nos. 8, 9.) The Court construes Plaintiff's various filings to constitute Plaintiff's opposition to Defendants' motion. (Doc. Nos. 89, 90, 91, 92, 93, 94.)

Shortly after Defendants moved for judgment on the pleadings, Plaintiff filed motions for ten and five hundred billion dollars (Doc. Nos. 95, 96) and summary judgment (Doc. No. 97). Plaintiff's motion for ten billion dollars seeks ten billion dollars in damages for the alleged false arrest and false imprisonment referenced in his Complaint, but also references an additional cause of action for wrongful conviction. In upping his demand to five hundred billion dollars in his subsequent motion, Plaintiff similarly seeks damages for false arrest and false imprisonment, but again references the additional claim for wrongful conviction, as well as racism and discriminatory practice. Plaintiff's most recent summary judgment filing asks the Court to grant him summary judgment on claims for false imprisonment, wrongful conviction, malicious

prosecution, racism, and discrimination practice. Plaintiff does not specify in these motions against whom he brings each claim, and none of them contain any specific facts or legal arguments. (Doc. Nos. 95, 96, 97.) The Court addresses the parties' motions in turn.

## II. DISCUSSION

### A. Defendants' Motion for Judgment on the Pleadings is Granted

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 n.3 (3d Cir. 2005) (citing Fed. R. Civ. P. 12(c)). The standard governing a Rule 12(c) motion is the same as the one governing a Rule 12(b)(6) motion to dismiss. *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). Thus, to survive a motion for judgment on the pleadings, a plaintiff must allege more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (stating that the court "may disregard any legal conclusions"). In other words, a plaintiff must allege enough well-pleaded facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court does not generally consider matters outside the pleadings in deciding motions under Rule 12(b) or (c), *see Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004), it may consider matters of public record, orders, and exhibits attached to the complaint. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

Defendants seek judgment on the pleadings, arguing that the statute of limitations, which started running from the date of Plaintiff's arrest and preliminary hearing, bars Plaintiff's Section 1983 false arrest and false imprisonment claims. (*See* Defs.' Br. at 2.) Plaintiff argues that the

statute of limitations did not begin to run until his conviction was overturned on appeal, making his claims timely, and also briefly mentions equitable tolling. (*E.g.*, Doc. Nos. 89, 90, 92, 93.) Because Plaintiff is mistaken about when the statute of limitations began to run and equitable tolling does not apply, Plaintiff's claims are time-barred.

In Section 1983 actions, "the statute of limitations is determined by looking to the law of the state in which the cause of action arose," or here, Pennsylvania. *Collins v. City of Philadelphia*, No. 16-cv-5671, 2018 WL 1980079, at *2 (E.D. Pa. Apr. 27, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Under Pennsylvania law, the limitations period for false arrest and false imprisonment is two years. *Id.* at *4; *Harris v. Berks Cty. Sheriff Dep't*, No. 18-cv-3086, 2018 WL 3614005, at *3 (E.D. Pa. July 26, 2018); 42 Pa. Cons. Stat. § 5524(1)).

The accrual date of a Section 1983 claim, however, "is a question of federal law." *Wallace*, 549 U.S. at 388. Because, under federal law, a plaintiff can sue as soon as the allegedly wrongful arrest occurred, the false arrest statute of limitations may run from the arrest date. *See Wallace*, 549 U.S. at 388, n.3; *Harris*, 2018 WL 3614005, at *3 (citing *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011)). But when, as here, the arrest is followed by criminal proceedings, the statute of limitations for the false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process," *Wallace*, 549 U.S. at 397, like an arraignment or preliminary hearing. *See Harris*, 2018 WL 3614005, at *3 n.3 (arraignment); *Collins*, 2018 WL 1980079, at *4 (preliminary hearing).

The false imprisonment statute of limitations also begins to run when a plaintiff is held pursuant to legal process, for that is when the alleged false imprisonment ends. *See Gibbs v. Phila. Police Dep't*, No. 16-cv-5465, 2017 WL 4179735, at *4 (E.D. Pa. Sept. 20, 2017) ("The two-year limitations period for a false imprisonment claim begins to run when an arrestee is

4

arraigned." (citing *Alexander v. Fletcher*, 367 Fed. App'x. 289, 290 n.2 (3d Cir. 2010)); *see also Wallace*, 549 U.S. at 389 ("[A] false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." (emphasis in original)); *Collins*, 2018 WL 1980079, at *4.

Here, Plaintiff filed his false arrest and false imprisonment claims outside the two-year statute of limitations. Plaintiff alleges that he was arrested on December 2, 2007, and according to the Court of Common Pleas docket sheet, had a preliminary hearing on December 12, 2007. The latest arraignment date Plaintiff lists in the Complaint is January 9, 2008. Construed as favorably to Plaintiff as possible, the latest date on which the false arrest and false imprisonment statute of limitations started to run is January 9, 2008. Because Plaintiff filed his Complaint on June 7, 2010, more than two years after January 9, 2008, Plaintiff's claims are untimely. Plaintiff's claims are still untimely even if the Court credits Plaintiff's March 24, 2010 application to proceed without paying fees or costs as the date on which he filed this suit. (Doc. No. 1.)

Plaintiff's argument that the statute of limitations "starts from when the case was vacated" is of no moment. (Doc. No. 92; *see also* Doc. No. 93.) In fact, given the Supreme Court's holding in *Wallace*, Plaintiff's argument has been rejected, including in cases much like here. In *Ngyuen v. Pennsylvania*, for example, the plaintiff sued a state trooper, alleging that he violated the plaintiff's constitutional rights by stopping, searching, and arresting the plaintiff without probable cause. No. 15-cv-5082, 2017 WL 5113229, at *1 (E.D. Pa. Nov. 6, 2017). Like here, the appellate court vacated the plaintiff's conviction because the trial court erred in denying the plaintiff's motion to suppress evidence. *Id.* at *3. In the subsequent Section 1983 action, the court rejected the plaintiff's argument that the statute of limitations began to run

"when the Pennsylvania Superior Court reversed the trial court's denial of Plaintiff's motion to suppress" and vacated plaintiff's sentence. *Id.* at *11. Instead, the court found the plaintiff's claim time barred under *Wallace*, which explained that for false arrest claims, the statute of limitations begins to run at the time the claimant is detained pursuant to legal process. *Id.* at *12.

Likewise, in *Cohen v. Pratt*, the court, like here, granted defendants' motion for judgment on the pleadings and declined to apply the date that the plaintiff's "conviction was overturned" for the accrual of the plaintiff's Section 1983 false arrest and false imprisonment claims. No. 09-cv-604, 2011 WL 1360512, at *4–5 (E.D. Pa. Apr. 11, 2011). "Given the outcome in *Wallace*," the court stated, the statute of limitations began to run on the date on which the plaintiff was charged, and thus the plaintiff's false arrest and false imprisonment claims filed more than two years from that date were, like here, time-barred. *Id.*

Moreover, despite Plaintiff's general reference to equitable tolling, (Doc. No. 93), no basis exists to equitably toll the limitations period. "Pennsylvania law, which applies unless inconsistent with federal law, prohibits judicial extensions of the statute of limitations absent fraud or its equivalent." *Hallman v. Montgomery Cty. Court House*, No. 12-cv-473, 2012 WL 1057439, at *2 (E.D. Pa. Mar. 29, 2012). Under federal law, "[e]quitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

Whether under Pennsylvania or federal law, there is no basis for tolling here because Plaintiff's general reference to equitable tolling does not specifically invoke any of these

scenarios or explain how they are met, and the Court finds none applicable. *See Williams v. Trenton Police Dep't*, 591 F. App'x 56, 58 (3d Cir. 2015) (relying on *Wallace* to reject argument that statute of limitations was equitably tolled because plaintiff could not have filed his wrongful arrest claim "until the criminal proceedings were terminated in his favor," and finding plaintiff's claim barred under two year limitations period, which began when plaintiff was arrested and jailed). Accordingly, Defendants' motion for judgment on the pleadings is granted.

### B. Plaintiff's Motions are Denied

Next, the Court addresses Plaintiff's motions for summary judgment and for ten and five hundred billion dollars. In those motions, Plaintiff seeks relief for false arrest, false imprisonment, wrongful conviction, racism, discrimination practice, and malicious prosecution, although he does not clearly specify in those motions against whom he asserts each claim. Whatever the case, Plaintiff's motions are denied in their entirety because Plaintiff supports them with no facts and provides no legal arguments that the Court can even attempt to analyze. (*See* Doc. Nos. 95, 96, 97.) Moreover, any false arrest or false imprisonment claims fail against Defendants given that the Court has granted Defendants judgment on the pleadings, and thus Plaintiff's motions are denied as moot to the extent they seek such relief. Accordingly, Plaintiff's motions are denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED**, and Plaintiff's motions are **DENIED**.

Dated: 12/3/2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge